

# Service of Process Transmittal

11/18/2020
CT Log Number 538614479

| | |
|---|---|
| **TO:** | Laura Abrahamson, Sr. Vice President & Asst. Gen. Counsel<br>AECOM<br>1999 Avenue of the Stars Ste 2600<br>Los Angeles, CA 90067-6033 |
| **RE:** | Process Served in Texas |
| **FOR:** | AECOM Technical Services, Inc.  (Domestic State: CA) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | RE: SH 130 CONCESSION COMPANY, LLC, et al., Debtors // To: Central Texas Highway Constructors, LLC, et al., Dfts. // TO: AECOM Technical Services, Inc. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | Western District of Texas - United States Bankruptcy Court - Austin Division, TX<br>Bankruptcy Case # 1610262<br>Adversary Case # None Specified |
| **NATURE OF ACTION:** | Bankruptcy Litigation - Chapter 11 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/18/2020 at 01:55 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | DAVID S. GRAGG<br>LANGLEY & BANACK, INC.<br>745 E. Mulberry, Suite 900<br>San Antonio, TX 78212<br>210-736-6600 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/18/2020, Expected Purge Date: 11/23/2020<br><br>Image SOP<br><br>Email Notification,  Laura Abrahamson  Laura.abrahamson@aecom.com<br><br>Email Notification,  Ivana Cingel  Ivana.Cingel@aecom.com<br><br>Email Notification,  Global Claims Intake  GlobalClaimsIntake@aecom.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Page 1 of  2 / KS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**EXHIBIT 1**
**Page 1 of 14**



# Service of Process Transmittal
11/18/2020
CT Log Number 538614479

| | |
|---|---|
| **TO:** | Laura Abrahamson, Sr. Vice President & Asst. Gen. Counsel<br>AECOM<br>1999 Avenue of the Stars Ste 2600<br>Los Angeles, CA 90067-6033 |
| **RE:** | **Process Served in Texas** |
| **FOR:** | AECOM Technical Services, Inc.  (Domestic State: CA) |

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Letter, Objection and Motion, Exhibit(s) | By Regular Mail on 12/12/2016 at 15:14 postmarked on 12/09/2016 | Laura Abrahamson, Sr. Vice President & Asst. Gen. Counsel<br>AECOM | 530329224 |
| Letter, Objection and Motion, Exhibit(s), Letter, Attachment(s) | By Certified Mail on 12/12/2016 at 13:56 postmarked on 12/09/2016 | Laura Abrahamson, Sr. Vice President & Asst. Gen. Counsel<br>AECOM | 530324071 |

Page 2 of  2 / KS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**EXHIBIT 1**
**Page 2 of 14**



# PROCESS SERVER DELIVERY DETAILS

**Date:** Wed, Nov 18, 2020

**Server Name:** adil tadli

| Entity Served | AECOM TECHNICAL SERVICES, INC. |
|---|---|
| Agent Name | C T CORP SYSTEM |
| Case Number | 16-10260-TMD |
| Jurisdiction | TX |



**PLEASE NOTE:**
☐ Compact Disc is attached
☑ Cash Received $ 40.00
☐ Other: _____

Hard copies of the documents will subsequently be shipped to you.

**EXHIBIT 1**
**Page 3 of 14**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| In re<br><br>SH 130 CONCESSION COMPANY, LLC,<br>ZACHRY TOLL ROAD – 56 LP<br>CINTRA TEXAS 56 LLC,<br><br>                  Debtors. | Case No. 16-10262<br>Case No. 16-10263<br>Case No. 16-10264<br><br>Chapter 11<br><br>Jointly Administered Under Case No. 16-10262-TMD<br><br>Adversary No. 18-01030 |
| SH 130 CONCESSION COMPANY, LLC,<br><br>                  Plaintiff,<br><br>-against-<br><br>CENTRAL TEXAS HIGHWAY CONSTRUCTORS, LLC, FERROVIAL, S.A., FERROVIAL AGROMAN, S.A., FERROVIAL HOLDING U.S. CORP., FERROVIAL U.S. CONSTRUCTION CORP., FERROVIAL AGROMAN U.S. CORP., CINTRA INFRASTRUCTURES, S.E., CINTRA HOLDING U.S. CORP., ZACHRY INDUSTRIAL, INC., AND ZACHRY AMERICAN INFRASTRUCTURE, INC.,<br><br>                  Defendants. | |

**DEFENDANT CENTRAL TEXAS HIGHWAY CONSTRUCTORS, LLC'S NOTICE
OF INTENT TO TAKE ORAL DEPOSITION OF
AECOM TECHNICAL SERVICES, INC. F/K/A EARTH TECH, INC.**

PLEASE TAKE NOTICE that, pursuant to Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rules 8030 and 9016, respectively, of the Federal Rules of Bankruptcy Procedure, Defendant Central Texas Highway Constructors, LLC ("CTHC"), by and through its attorneys, serves this notice of its intent to take the oral and videotape deposition of AECOM Technical Services, Inc. f/k/a Earth Tech, Inc. (U.S.A.) ("AECOM") before a notary public or other officer authorized to administer oaths.

1

EXHIBIT 1
Page 4 of 14

AECOM must designate one or more individuals who consent to testify on AECOM's behalf regarding the matters listed in **Exhibit A** attached hereto. The person(s) designated must be prepared to testify about information known or reasonably available to AECOM. Please note that one or more of the other defendants in this matter may ask questions at this deposition.

The deposition will commence at **9:00 a.m. CST** on **December 11, 2020** and will continue until completed. The deposition will be taken by videoconference in light of the ongoing COVID-19 pandemic, pursuant to the procedures separately stipulated in advance by the parties.

Dated: November 17, 2020

**HAYNES AND BOONE, LLP**

By: */s/ Richard D. Anigian*
Richard D. Anigian
State Bar No. 01264700
Stephen M. Pezanosky
State Bar No. 15881850
Micah Skidmore
State Bar No. 24046856
Taylor Rex Robertson
State Bar No. 24093050

2323 Victory Avenue, Suite 700
Dallas, TX 75219
Telephone: 214.651.5000
Facsimile:  214.651.5940
rick.anigian@haynesboone.com
stephen.pezanosky@haynesboone.com
micah.skidmore@haynesboone.com
taylor.robertson@haynesboone.com

**ATTORNEYS FOR CENTRAL TEXAS HIGHWAY CONSTRUCTORS, LLC**

2

**EXHIBIT 1**
**Page 5 of 14**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on November 17, 2020, a true and correct copy of the foregoing document was served by e-mail on the parties listed on the Service List.

                                                                                */s/Richard D. Anigian*
                                                                                   Richard D. Anigian

## SERVICE LIST

**Counsel for SH 130 Concession Company, LLC:**
Karl Stern
Patricia Tomasco
Kate Shih
Quinn Emmanuel Urquhart & Sullivan LLP
711 Louisiana Street, Suite 500
Houston, TX 77002
Email: karlstern@quinnemanuel.com
Email: pattytomasco@quinnemanuel.com
Email: kateshih@quinnemanuel.com

Eric Winston
Jennifer Nassiri
Quinn Emmanuel Urquhart & Sullivan LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Email: ericwinston@quinnemanuel.com
Email: jennifernassiri@quinnemanuel.com

**Counsel for Ferrovial, S.A., Ferrovial Agroman, S.A., Ferrovial Holding U.S. Corp., Ferrovial U.S. Construction Corp., Ferrovial Agroman U.S. Corp., Ferrovial Internacional, S.L.U. and Ferrovial International, Ltd.:**
Thomas Melsheimer
Scott Thomas
John T. Sullivan
Winston & Strawn LLP
2501 N. Harwood Street, 17th Floor
Dallas, TX 75201
Email: tmelsheimer@winston.com
Email: scthomas@winston.com
Email: jsullivan@winston.com

**Counsel for Zachry Industrial, Inc. and Zachry American Infrastructure, Inc.:**
Joshua J. Newcomer
Kristin L. Leveille
McKool Smith, P.C.
600 Travis, Suite 7000
Houston, TX 77002
Email: jnewcomer@mckoolsmith.com
Email: kleveille@mckoolsmith.com

Robert Manley
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201
Email: rmanley@mckoolsmith.com

**Attorneys for Cintra Infrastructures, S.E. and Cintra Holding U.S. Corp.:**
J. Laurens Wilkes
Jones Day
717 Texas, Suite 3300
Houston, TX 77002
Email: jlwilkes@jonesday.com

Matthew Kairis
Robert Hamilton
Jones Day
325 John H. McConnell Blvd, Suite 600
Columbus, OH 43215
Email: makairis@jonesday.com
Email: rwhamilton@jonesday.com

Partah P. Chattoraj
Allegaert Berger & Vogel LLP
111 Broadway, 20th Floor
New York, NY 10006
Email: pchattoraj@abv.com

4

EXHIBIT 1
Page 7 of 14

## EXHIBIT A

### I.     DEFINITIONS

1. These following definitions apply to all discovery requests per Local Bankruptcy Rule 7026(b):

    (1) <u>Communication</u>. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

    (2) <u>Document</u>. The word "document" is synonymous - and equal in scope to the use of this term in Fed. R. Civ. P. 34(a). A draft of a non-identical copy is a separate document within the meaning of this term.

    (5) <u>Parties</u>. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

    (6) <u>Person</u>. The term "person" is defined as any natural person or business, legal, or governmental entity or association.

    (7) <u>Concerning</u>. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

2. "SH130" means SH 130 Concession Company, LLC, which is the Plaintiff in this matter and includes its pre-confirmation predecessor and those within the definition of "Parties" above.

3. "CTHC" means Central Texas Highway Constructors, LLC, which is one of the Defendants in this matter and includes those within the definition of "Parties" above.

4. "Facility" means Segments 5 and 6 of State Highway 130 in Texas, which is the subject of this dispute. A reference to the Facility shall be read to mean all or any part of CTHC's scope of work, or the Facility.

5. "AECOM," "you," and "your" means AECOM Technical Services, Inc. f/k/a Earth Tech, Inc. (U.S.A.) and its past and present corporate parent, subsidiaries, affiliates and their respective officers, directors, employees, consultants, engineers, and representatives who worked on or who have knowledge of the Facility.

6. "Bankruptcy Proceeding" means the proceeding styled: *In re SH 130 Concession Company, LLC*, Case No. 16-10262-TMD, *et seq.*, in the United States Bankruptcy Court for the Western District of Texas.

7. "TxDOT" means the Texas Department of Transportation.

8. "FCA" or "Concession Agreement" means the March 22, 2007 Facility Concession Agreement Segments 5 and 6 Facility between TxDOT and SH130.

9. "D&C Contract" means the State Highway 130 Segments 5 and 6 Facility Design and Construction Contract dated March 22, 2007 by and between SH130 and CTHC.

10. "Substantial Completion" means the completion of construction of the Facility in accordance with the FCA and D&C Contract, such that the Facility is in a condition that it can be used for normal and safe vehicular travel in all lanes and at all points of entry and exit, subject only to punch list items and other items of work that does not affect the ability to safely open the Facility for such normal use by the traveling public and for normal tolling operation, as and when confirmed by TxDOT's issuance of a certificate of substantial completion.

11. "Internal" means by, between, with, or among Plaintiff, its employees, officers, directors, agents, financers, members, managers and anyone or any entity other than CTHC.

12. "Independent Engineer Agreement" means a three-party agreement among TxDOT, SH130, and a Person setting forth the terms and conditions under which such Person is to perform the functions and services of an independent, neutral observer, inspector and auditor of the Facility, and any supplements and amendments of any such agreement.

13. "Independent Engineer" means the Person retained from time to time by TxDOT and SH130, together with its successors and assigns, under an Independent Engineer Agreement.

14. "Project" means the design and construction of the Facility.

15. "Service Commencement Date" means the date the Facility opened for normal and continuous operations and use by the traveling public, after occurrence of all the events and satisfaction of all the conditions set forth in Section 7.8.3 of the FCA and Sections 19 and 22 of the Technical Requirements as defined in the FCA.

16. "Lawsuit" means the above-referenced adversary proceeding.

## II. DEPOSITION TOPICS

1. AECOM's work at the Facility.

2. Engagement agreements, supplements, amendments, endorsements, purchase orders, executive change orders, and any other contracts—including all exhibits to the same—between you and CTHC, SH130, or any subcontractor concerning the Facility.

6

**EXHIBIT 1**
**Page 9 of 14**

3. Estimated and actual costs incurred by or on behalf of AECOM relating to the design, construction, earthwork and/or related services related to the Facility.

4. Communications (including e-mails) among AECOM employees relating to the Facility, including anything related to geotechnical design, construction, soil conditions, weather conditions, cracking in the roadway, repairs of cracking in the roadway, causes of cracking in the roadway, settlement analysis, potential or actual design or construction defects, and geotechnical consulting for the Facility.

5. Communications (including e-mails) between AECOM and CTHC relating to the Facility, including anything related to geotechnical design, construction, soil conditions, weather conditions, cracking in the roadway, repairs of cracking in the roadway, causes of cracking in the roadway, settlement analysis, potential or actual design or construction defects, and geotechnical consulting for the Facility.

6. Communications (including e-mails) between AECOM employees and any third-party person or entity relating to the Facility, including anything related to geotechnical design, construction, soil conditions, weather conditions, cracking in the roadway, repairs of cracking in the roadway, causes of cracking in the roadway, settlement analysis, potential or actual design or construction defects, and geotechnical consulting for the Facility.

7. Design, construction, geotechnical and structural engineering, repair, remediation, and/or related services relating to the Facility's pavement, slopes or bridges, including all design drafts, proposals, sketches, models, notes, data reports, recorded data, test data, summary reports, investigative reports, assessments, evaluations, surveys, studies, test results, appraisals, analysis, models, photographs, repair design reports and testing reports.

8. Investigations, including borings, sampling and testing, on soils relating to the geotechnical design of the pavement at the Facility.

9. Geotechnical design of the Facility, including without limitation calculation of potential vertical rise, the active zone, calculation depth, inputs, plasticity index, average plasticity values, and replacement depth of lime stabilized soil and communications relating to the same.

10. Verification of soil plasticity, sulfates, lime, and/or lime stabilized soils prior to and/or during construction at the Facility, including without limitation communications related to the same.

11. Subgrade compaction test data and reports pertaining to the Facility, including without limitation communications relating to the same.

12. Soil sulfates, including without limitation testing for, treatment of and communications regarding the same.

13. Construction oversight regarding the lime stabilized soil at the Facility, including without limitation LSS depth, width, compressive strength, mixture, plasticity or pH and communications related to the same.

14. Design and/or construction of slopes at the Facility, including without limitation soil shear strength and/or proposed or actual changes to the slope angles at the Facility.

15. Slope movement at Boggy Creek/CR217 in 2010 and 2011, including without limitation communications relating to the same.

16. Abutment backfill at the Facility's bridges, including without limitation testing, reporting and other communications relating to the same.

17. Construction oversight of riprap at slopes surrounding the Facility's bridges, including without limitation placement of rebar and communications relating to the same.

18. Movement at the Facility's bridges during or following Substantial Completion, including without limitation approach slab heaving, settlement of riprap, deformation of bearing pads, abutment cracking, closure of expansion joints, erosion, concrete spalling, and contact between girders and backwalls and communications relating to the same.

19. Quality control, quality assurance, and/or quality management of geotechnical engineering, the pavement design, pavement structure, longitudinal fracturing, drainage issues, and/or remediation of the Facility.

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Western_____ District of _____Texas_____

In re __SH 130 Concession Company, LLC__
          Debtor

Case No. __16-10260-TMD__

*(Complete if issued in an adversary proceeding)*

Chapter __11__

__SH 130 Concession Company, LLC__
          Plaintiff
              v.
__Central Texas Highway Constructors, LLC et al.__
          Defendant

Adv. Proc. No. __18-01030-TMD__

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __AECOM Technical Services, Inc. f/k/a Earth Tech, Inc. (U.S.A.) through its Registered Agent: CT Corp System, 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136__

*(Name of person to whom the subpoena is directed)*

[X] *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| By Video conference in light of current COVID-19 pandemic - link to follow | December 11, 2020 at 9:00am CST |

The deposition will be recorded by this method:
    Video and Stenographic

[ ] *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __November 17, 2020__

CLERK OF COURT

                                                    OR

_____                      _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
__Central Texas Highway Constructors, LLC__, who issues or requests this subpoena, are:
Haynes and Boone, LLP; Richard D. Anigian, 2323 Victory Ave., Suite 700, Dallas, TX 75219

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT 1**
**Page 12 of 14**

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

**EXHIBIT 1**
**Page 13 of 14**

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT 1**
**Page 14 of 14**